IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ASHLEY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:24-cv-02624-SHL-atc |
| P.F. CHANG'S CHINA BISTRO, INC., | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS PENDING THE OUTCOME OF ARBITRATION**

Before the Court is the parties' Joint Motion to Stay Proceedings Pending the Outcome of Arbitration, filed October 31, 2024. (ECF No. 11.) Because the claims asserted here are subject to arbitration under a written agreement, the motion to stay is **GRANTED**.

**BACKGROUND**

Plaintiff Ashley Johnson filed a complaint against Defendant P.F. Chang's China Bistro, Inc., her former employer, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; Section 1981 of the Civil Rights Act of 1866; and the Tennessee Human Rights Act, Tennessee Code Annotated section 4-21-401, et seq. (ECF No. 1.) Johnson alleges that P.F. Chang's discriminated against her based on her race and gender, retaliated against her for reporting this discrimination, and terminated her employment after she filed a Charge of Discrimination with the EEOC. (ECF No. 1 at ¶¶ 2, 35–42.)

As part of her onboarding with P.F. Chang's, Johnson signed a Dispute Resolution Agreement. (ECF No. 11 at PageID 32.) Johnson agreed to arbitrate any employment-related dispute, and both parties agree that the arbitration agreement applies to the claims Johnson brings

here. (Id.) Thus, the parties jointly request a stay pending the outcome of arbitration. (Id. at PageID 33.)

## LAW AND ANALYSIS

The Federal Arbitration Act states that a court "shall" stay an action if the court is "satisfied that the issue involved" is "referable to arbitration" under a written agreement. 9 U.S.C. § 3. The statute's use of "shall" imposes "an obligation impervious to judicial discretion." Smith v. Spizzirri, 601 U.S. 472, 476 (2024). If the action "involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." Id. at 478.

An employer can enter into an agreement with an employee "requiring the arbitration of all employment disputes, including those involving federal statutory claims." Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 316 (6th Cir. 2000). In the arbitration agreement at issue here, the parties agreed that "all legal disputes between them, including any dispute arising out of or related to [Johnson's] employment with P.F. Chang's . . . or termination of [Johnson's] employment, shall be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." (ECF No. 11-1 at PageID 36.) Both parties agreed to submit this dispute to arbitration under the terms of the agreement. (ECF No. 11 at PageID 33.) Because Johnson's claims are referable to arbitration under the agreement, the Court has no choice in the matter and must stay the case. Thus, this case is **STAYED** pending arbitration.

## CONCLUSION

For these reasons, the joint motion is **GRANTED**, and the case is **STAYED** pending the outcome of arbitration. The parties are **ORDRED** to file a status report updating the Court on the arbitration proceedings and the potential closure of the case within **six months** of the entry of

2

this Order or within **ten days** of the conclusion of arbitration, whichever is sooner.

    **IT IS SO ORDERED,** this 1st day of November, 2024.

                                               s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               CHIEF UNITED STATES DISTRICT JUDGE